IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI – WESTERN DIVISION

| | |
|---|---|
| BARRY MAULDIN,<br><br>  Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>  Defendant. | REMOVED FROM JACKSON COUNTY CIRCUIT COURT CASE NO. 2416-CV30095 |

**DEFENDANT COSTCO WHOLESALE CORPORATION'S**
**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1446**

Defendant Costco Wholesale Corporation ("Costco"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 hereby removes to this Court the case styled *Barry Mauldin v. Costco Wholesale Corporation*, Case No. 2416-CV30095, from the Circuit Court of Jackson County, Missouri. As set forth below, the Court has jurisdiction and Costco has satisfied the procedural requirements for removal.

  I.  **BACKGROUND**

  1.  On October 21, 2024, Plaintiff Barry Mauldin ("Plaintiff") filed his Petition against Costco in the Circuit Court of Jackson County, Missouri ("Petition"). Costco received the Summons and Petition on October 23, 2024. A copy of the Summons and Petition and all other process, order, and papers served on Costco is attached as **Exhibit A**.

  2.  The Petition asserts causes of action against Costco for alleged age discrimination in violation of the Missouri Human Rights Act ("MHRA") (Count I) and permanent injunction violations under the MHRA – class wide relief (Count II). Specifically, Plaintiff alleges, among other things, that Costco discriminated against him based on his age when it did not select him for promotion to three Departmental Manager positions that he applied to in 2023 because he had not

been "Marked Ready" as part of Costco's allegedly discriminatory "Marked Ready" Policy. (*Id.*, ¶¶ 22, 24-25, 27.) Plaintiff also alleges that he "seeks to represent a class of Costco Employees and Job Applicants [that were] denied a position or job opportunity based on the 'Marked Ready' Policy." (*Id.*, ¶ 9.)

3. Plaintiff alleges he has been damaged by Costco's alleged "discriminatory conduct and treatment including past and future reductions in pay, diminished career potential, garden variety emotional distress and other non-pecuniary loss." (*Id.*, ¶ 46); (*see also id.*, pp. 7, 9) (requesting under Counts I and II "that the Court grant him judgment against Defendant in an amount that is greater than $25,000.00, for his attorney's fees, litigation costs and expenses and interest, for appropriate equitable relief, and for such other relief as this Court deems just and proper"). The Petition does not identify the amount of damages that Plaintiff seeks to recover. (*Id.*)

## II. THE COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1332 (DIVERSITY JURISDICTION).

4. Pursuant to 28 U.S.C. 1332, the "district courts shall have original jurisdiction of all civil actions where" two elements are satisfied: (A) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs;" and (B) the action "is between [] citizens of different states." Here, both of these elements are met.

### A. The Amount in Controversy Exceeds $75,000.

5. In determining whether the jurisdictional amount in controversy has been met, the question is <u>not</u> whether the damages are, in fact, greater than $75,000, but "whether a fact finder might legally conclude that" the damages are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2003); *see also Jarrett v. Henkel Corp.*, No. 4:15-cv-0832-DGK, 2016 WL 407301, at *1 (W.D. Mo. Feb. 2, 2016) (relevant question is whether Plaintiff's claims "*could*" or "*might*" "legally satisfy the amount in controversy requirement") (emphasis added).

6.　　When calculating the amount in controversy, compensatory damages, and attorney's fees are all to be included. *White v. United Parcel Service*, No. 4:11CV00707, 2012 WL 760936, at *2 (E.D. Mo. Mar. 8, 2012) (citing *Allison v. Security Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992)); *see also Zunamon v. Brown*, 418 F.2d 883, 886 n.5 (8th Cir. 1969).

7.　　Although Costco denies that Plaintiff is entitled to any recovery at all, if this matter were to proceed to trial and Plaintiff were to prevail, then the MHRA makes clear that the factfinder here *could* legally award "actual back pay and interest on back pay," and "damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, [] other nonpecuniary losses, and punitive damages" up to "five hundred thousand dollars." Mo. Rev. Stat. § 213.111.4.

8.　　Costco submits that even though the Petition does not allege a specific amount of damages, the amount in controversy here easily exceeds $75,000, exclusive of interest and costs.

9.　　In Counts I and II of the Petition, Plaintiff seeks damages "greater than $25,000.00, for his attorney's fees, litigation costs and expenses and interest, for appropriate equitable relief, and for such other relief as this Court deems just and proper." (Exhibit A, pp. 7, 9.) *See also Harris v. Meridian Med. Techs., Inc.* 2021 U.S. Dist. LEXIS 85149, at *5–6 (E.D. Mo. May 4, 2021) ("Here, Plaintiff has alleged two counts under the MHRA, each with its own prayer for relief seeking an amount 'over $25,000' in actual damages. Taken together, then, Plaintiff alleges actual damages totaling in excess of $50,000 . . . [T]he Court may aggregate all of [the p]laintiff's claims against [the d]efendant in order to satisfy the jurisdictional amount.") A fact finder could find that the remaining $25,000.00 between the actual damages alleged and the jurisdictional threshold is satisfied by some combination of back pay, attorney's fees, and emotional distress damages. (*Id.,* *6.) *See also Spight v. Caterpillar, Inc.*, 2016 U.S. Dist. LEXIS 82348, 2016 WL 3546411, at *2

(W.D. Mo. June 24, 2016) ("The jurisdictional amount of $75,000 is established when the Court considers lost income, emotional distress, reputational damages, attorney's fees, and other damages yet undetermined.").

10. If Plaintiff were to prevail in this action, the MHRA would allow him to recover back pay for the promotions he alleges he was denied. *See* Mo. Rev. Stat. § 213.111.4(1) (recognizing that "back pay" is one aspect of available recovery). The first promotion Plaintiff alleges his claims are based on it a Center Manager position in the Independence Warehouse, which was posted on April 28, 2023. (Compl. at ¶ 21; Exhibit B, Declaration of Jeremy Hoffman at ¶ 9.) That position was ultimately filled by Andrea Bodenhamer. (Hoffman Decl. at ¶ 9.) In the time since Bodenhamer's promotion, she has been paid $31,037.35 more than Plaintiff. (Hoffman Decl. at ¶ 10.) Thus, at a minimum, Plaintiff could claim that amount as back pay he is owed if he prevails on his claims.

11. If Plaintiff were to prevail in this action, he also would be entitled to seek recovery of his attorney's fees. *See* Section 213.111(2). Under those circumstances, any award of attorney's fees to Plaintiff would likely exceed $75,000.00 by itself. *Walker v. Fed. Express*, 2019 U.S. Dist. LEXIS 106689, *7 (E.D. Mo. June 25, 2019) ("The Court does not find entirely speculative that this case, if litigated to a verdict, could result in an award of attorney fees that would, when combined with damages, render the amount in controversy in excess of $75,000.").

12. Notably, counsel for Plaintiff submitted a declaration in the matter styled *Travis D. Ross v. Huhtamaki, Inc.*, Case No. 2:20-cv-02208-HLT (D. Kan.) (Dkt. 90-7), opining on the reasonableness of the plaintiff's attorneys' fees in a single plaintiff discrimination case in the Kansas City Market. In *Ross*, based in part on Plaintiff's counsel's attestation that both the hourly rates and total fees charged were reasonable for a single-plaintiff employment discrimination case,

the Court found attorney billing rates between $400.00 and $485.00 to be reasonable and awarded $503,470.00 in attorney's fees to the plaintiff's counsel. (Dkt. 93.) Indeed, Plaintiff's counsel attested in the *Ross* matter that rates of $450-600 per hour were generally acceptable for lead counsel in a single plaintiff employment case, and that he has had rates of up to $750/hour approved for his own work. (Dkt. 90-7, ¶ 8.) Accordingly, it is clear that Plaintiff's recovery of attorney's fees alone in this matter would undoubtedly exceed $75,000.

13.   Given the potential award for back pay, garden variety emotional distress,[1] and attorney's fees outlined here, the factfinder could legally award Plaintiff more than $75,000, and the amount in controversy requirement is easily met.

B.   **There is Complete Diversity Between Plaintiff and Costco.**

14.   Plaintiff is an individual. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Curry v. Maxson*, 318 F. Supp. 842, 844 (W.D. Mo. 1970) (citizenship and domicile are synonymous in this context).

15.   As alleged in the Petition, Plaintiff was at the time of filing (and upon information and belief still is) domiciled in Missouri and is, therefore, a citizen of the State of Missouri for diversity jurisdiction purposes.  (Petition, Exhibit A, ¶ 1.)

16.   For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Moore's Federal Practice* 3D §102.50.

17.   Costco is a Washington corporation. (Hoffman Decl. at ¶ 5.) Issaquah, Washington is the site of Costco's principal place of business, because it is where Costco's corporate

---

[1] *Van Den Berk v. Missouri Commission on Human Rights*, 26 S.W.3d 406, 413 (Mo. Ct. App. 2000) (awarding one plaintiff $5,000.00 in emotional distress damages and another plaintiff $1,000.00 in emotional distress damages under the MHRA for claims relating to housing discrimination).

headquarters are located, and is where its high-level officers direct, control, and coordinate its activities. (*Id.* at ¶ 6.) Thus, Costco is a citizen of Washington.

18. Accordingly, there is complete diversity of citizenship between Plaintiff and Costco, as neither are residents of the same state.

### III. COSTCO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446.

19. This Notice of Removal is timely in that it is filed within thirty (30) days from the date Costco received a copy of the Summons and Petition. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons").

20. Venue is proper in this District and Division because, pursuant to 28 U.S.C. § 105(b)(1), this District and Division embraces the Circuit Court of Jackson County, Missouri, the place where the removed action has been pending. 28 U.S.C. § 1441(a).

21. In accordance with 28 U.S.C. 1446(a), a copy of all process, pleadings, and orders served upon Costco in the Circuit Court of Jackson County is attached as Exhibit A.

22. Costco will promptly file a copy of this Notice of Removal with the clerk of the Circuit Court of Jackson County and serve a copy on counsel for Plaintiff, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at **Exhibit C**.

### IV. CONCLUSION

23. For the foregoing reasons, this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and the procedural requirements of 28 U.S.C. § 1446 are satisfied. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

24. Should Plaintiff seek to remand this case to state court, Costco respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Costco asks that the Court retain jurisdiction and allow it to file a motion asking this Court to certify any remand order for interlocutory review by the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Costco requests that the above-described action pending against it be removed to this Court. Costco also requests all other relief, at law or in equity, to which it is justly entitled.

DATED: November 22, 2024                Respectfully submitted,

                                                          SEYFERTH BLUMENTHAL & HARRIS LLC

                                                         By: */s/ Kimberly A. Jones*
                                                              Kimberly A. Jones, MO Bar #46688
                                                              SEYFERTH BLUMENTHAL & HARRIS LLC
                                                              4801 Main Street, Suite 310
                                                              Kansas City, MO 64112
                                                             Tel: (816) 756-0700
                                                              Fax: (816) 756-3700
                                                             Email: kim@sbhlaw.com


                                                        SEYFARTH SHAW LLP

                                        By: */s/ Thomas M. Horan*
                                                             Thomas M. Horan
                                                            (pro hac vice to be submitted)
                                                            thoran@seyfarth.com
                                                           Gerald Pauling
                                                           (pro hac vice to be submitted)
                                                           gpauling@seyfarth.com
                                                           Michael J. Cederoth
                                                           (pro hac vice to be submitted)
                                                           mcederoth@seyfarth.com
                                                           Brittany N. Bermudez
                                                           (pro hac vice to be submitted)
                                                           bbermudez@seyfarth.com
                                                           SEYFARTH SHAW LLP
                                                           233 South Wacker Drive, Suite 8000
                                                           Chicago, Illinois  60606-6448
                                                           Telephone:     (312) 460-5000
                                                           Facsimile:      (312) 460-7000

                                                           Attorneys for Defendant
                                                           COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that on November 22, 2024, I electronically filed the foregoing with the Clerk of the Court using the Missouri eFiling System which sent notification of such filing to the following:

George E. Kapke, Jr.
**KAPKE & WILLERTH, LLC**
3304 N.E. Ralph Powell Road
Lee's Summit, MO 64064
Telephone: (816) 461-3800
Facsimile: (816) 254-8014
ted@kapkewillerth.com

**ATTORNEY FOR PLAINTIFF**

      /s/ *Kimberly A. Jones*
      **Attorney for Defendant**