# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| BARRY MAULDIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-00757-RK |
| | ) | |
| COSTCO WHOLESALE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff asserts an age-discrimination claim against Defendant Costco Wholesale Corporation under the Missouri Human Rights Act ("MHRA"), alleging that Costco unlawfully discriminated against him based on his age when he was denied promotion to three Department Manager positions in October 2023 because he was not "marked ready."[1] Now before the Court is Defendant Costco's motion for summary judgment. (Doc. 41.) The motion is fully briefed. (Docs. 43, 46, 47.)

After careful consideration and review, and for the reasons explained below, the Court **ORDERS** that Defendant Costco's motion for summary judgment is **GRANTED in part** and **DENIED in part**. Specifically, summary judgment is granted as to the Department Manager position to which Plaintiff applied in October 2023 for which General Manager Jeffrey Hoffman was not the final decisionmaker; summary judgment is denied as to the two Department Manager positions to which Plaintiff applied in October 2023 for which General Manager Hoffman was the final decisionmaker. The Court **FURTHER ORDERS** that supplemental discovery as to Brian Gallman's post-discovery affidavit dated January 14, 2026, is due May 1, 2026.

---

[1] The Court previously dismissed Plaintiff's age-discrimination claim arising from other promotion denials that were time-barred as well as Plaintiff's claim seeking a permanent injunction under the MHRA, specifically § 213.055.1(1)(b), challenging Costco's "marked ready" policy itself. (*See generally* Doc. 28.)

In April 2007, Plaintiff was originally hired by Costco as a part-time Tire Installer at its warehouse in Midtown Kansas City, Missouri ("Midtown Warehouse"). Plaintiff was 48 years old. Plaintiff was quickly promoted to Tire Shop Supervisor and then, in September 2009, to Tire Shop Manager.[3] Over the next eight years Plaintiff requested and was selected for a number of lateral moves to different department manager jobs at several different warehouses. He sought each of these opportunities based on the mentorship advice of higher level managers that working in different departments at different warehouses would improve his candidacy for higher-level management positions. Between 2011 and 2017, Plaintiff worked as the Tire Shop Manager, Hardlines Manager, Foods Manager, and Assistant Front End Manager at the Midtown Warehouse. In 2017, Plaintiff was the Tire Shop Manager for a new warehouse in North Kansas City, Missouri, as well as the warehouse in Independence, Missouri. Between 2018 and 2021, Plaintiff worked as the Night Merchandise Manager, Assistant Front End Manager, Hardlines Manager, and Foods Manager at the Independence Warehouse. Plaintiff viewed each of these positions as a positive "stepping stone" move for his career at Costco.

In October 2022, however, Plaintiff took a voluntary demotion to Maintenance Assistant, an hourly non-supervisory role at the Independence Warehouse, because he did not believe he could perform the requirements of the Foods Manager position due to medical reasons. Six months later, in April 2023, Plaintiff began seeking a promotion back to department manager. Plaintiff was 65 years old. As relevant here, Plaintiff applied to three Department Manager vacancies in October 2023, one at the Independence Warehouse and two at the North Kansas City Warehouse. Plaintiff was not selected for promotion for any of these three positions because he was not "marked ready." Each of the three (younger) applicants who were chosen had been "marked ready" or were designated as "ready now" in their current supervisory or management roles.

---

[2] Except where otherwise noted, these facts are taken from the parties' statements of uncontroverted material facts. The Court has omitted facts properly controverted, facts asserted that are immaterial to the resolution of the pending motion, facts asserted that are not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact.

[3] Each Costco warehouse has a team of employees consisting of: (1) hourly, non-supervisory employees; (2) hourly, supervisory employees; (3) departmental managers; (4) staff-level managers; (5) assistant general managers; and (6) a general manager.

Before his voluntary demotion to an hourly non-supervisory position, Plaintiff had been "marked ready" in his last department manager role.

Under Costco's written policy, vacancies are filled by an open application process through which the most qualified applicant is selected (or where two or more applicants are equally qualified, the most senior of the equally qualified applicants). One component of Costco's promotion process to help identify the skills and abilities of management-level applicants is "proof of readiness." "Proof of readiness" refers to the designation of a supervisor or manager as "ready now" or "marked ready," which means that their general manager (or assistant general manager) believes that the employee is ready to be promoted to a higher-level management position.[4] The "marked ready" or "ready now" designation is subjective with no written standards or criteria but arises from the general manager or assistant general manager's own observations of the employee's performance and leadership behaviors in their current supervisory or managerial role. Hourly non-supervisory employees (including Plaintiff, at least in the position he occupied in October 2023 following his voluntary demotion) are not evaluated for "readiness."

Further facts are set forth as necessary.

## Legal Standard

Federal Rule of Civil Procedure 56 governs a motion for summary judgment. "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (internal quotation marks omitted). In this context, a fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, the necessary inquiry is whether "there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

"A moving party is 'entitled to judgment as a matter of law' if the nonmoving party fails to make a sufficient showing of an essential element of a claim with respect to which it has the burden

---

[4] Although it is not entirely clear, it appears that the "marked ready" policy would not apply to an applicant applying to be promoted to an hourly supervisory employee role.

3

of proof." *Woodsmith Pub. Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The movant must "support" its motion either by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1), or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp.*, 477 U.S. at 325.  "Once the movant fulfills its responsibility of informing the court of the basis for its motion, identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 857 (8th Cir. 2018) (internal quotation marks omitted).  An "adverse party may not rely merely on allegations or denials, but must set out specific facts—by affidavits or other evidence—showing [a] genuine issue for trial." *Tweeton v. Frandrup*, 287 F. App'x 541, 541 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(e)).

## Discussion

As relevant here, Plaintiff asserts one count of age discrimination in violation of the Missouri Human Rights Act.  Discrimination claims brought under the MHRA, like those brought under federal law,[5] are analyzed differently depending on whether they involve direct evidence of discrimination or whether they depend on circumstantial evidence of discrimination.

In a direct-evidence discrimination case, the discrimination claim will typically rest on a comment(s) by a decisionmaker that demonstrates "a specific link between a discriminatory bias and the adverse employment action, sufficient to support a finding by a reasonable fact-finder that the bias motivated the action." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1045-46 (8th Cir. 2011).  In a circumstantial-evidence discrimination case, the Court employs the familiar *McDonnell-Douglas* burden-shifting framework, as follows:

The plaintiff must initially establish a prima facie case of age discrimination under the MHRA.  *See id.* at 1046.  To do so, a plaintiff must show "(1) that he suffered an adverse employment action, (2) that his age was the motivating factor; and (3) that he suffered damage as a result." *Eivins v. Mo. Dep't of Corrs.*, 636 S.W.3d 155, 166 (Mo. Ct. App. 2021).  In a failure-to-promote case, a plaintiff must show (1) he is a member of a protected group, (2) he "qualified

---

[5] *See Lampley v. Missouri Commission on Human Rights*, 570 S.W.3d 16, 22 (Mo. banc 2019) (holding that federal employment discrimination caselaw is relevant to analyzing claims under the MHRA to the extent federal caselaw is "consistent with Missouri law).

and applied for a promotion to an available position," (3) he was rejected, and (4) "similarly situated employees, not part of the protected group, were promoted instead." *Id.*

For age to be a "motivating factor," the employee must show that his age "actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action." *Johnson v. Midwest Div.-RBH, LLC*, 88 F.4th 731, 737 (8th Cir. 2023) (quoting Mo. Rev. Stat. § 213.010(19)).[6] Next, "[t]he burden of production . . . shifts to [the defendant] to articulate a legitimate, nondiscriminatory reason" for not promoting the plaintiff. *Torgerson*, 643 F.3d at 1046 (internal quotation marks omitted). If the defendant does so, "[t]he ultimate burden then falls on [the plaintiff] to produce evidence sufficient to create a genuine issue of material fact regarding whether [the defendant's] proffered nondiscriminatory justifications are mere pretext for intentional discrimination." *Id.* (internal quotation marks omitted).

"An employee may show pretext through various means, such as by presenting evidence that the employer treated similarly-situated employees in a favorable manner, did not follow its own policies, shifted its explanation of the employment decision, or by showing evidence of a decision maker's biased comments." *Lightner v. Catalent CTS (Kansas City), LLC*, 89 F.4th 648, 653 (8th Cir. 2023) (internal quotation marks omitted). In short, Plaintiff must produce some evidence that "support[s] a reasonable inference of age discrimination." *Id.* at 654. "Proof of pretext, coupled with a strong prima facie case, may suffice to create a triable question of fact." *Torgerson*, 643 F.3d at 1046.

## I. Mr. Gallman's Affidavit

In his summary judgment response, Plaintiff relies on an affidavit from Brian Gallman dated January 14, 2026, that was not previously disclosed in discovery.[7] Mr. Gallman, a part-time receiver for Costco, attests that in the Fall of 2023 when he spoke with North Kansas City Warehouse General Manager Jeremy Hoffman about Plaintiff's "efforts to be promoted to a department manager position," Mr. Hoffman stated: "Barry is not applying for our opening is he? He is too old." (Doc. 46-22 at ¶¶ 4, 5.) Mr. Gallman further attests that "[t]his is not the first time

---

[6] The federal analogue to an age-discrimination claim under the MHRA is a claim under the Age Discrimination in Employment Act ("ADEA"), which requires "but for" causation. *See Tusing v. Des Moines Indep. Cmty. Sch. Dist.*, 639 F.3d 507, 514-15 (8th Cir. 2011) (recognizing that "but for" causation under the ADEA is different from a state-law "motivating factor" standard).

[7] Defendant Costco filed its motion for summary judgment on December 15, 2025; Plaintiff's summary judgment response was filed on January 20, 2026.

I have heard Jeremy Hoffman make a comment about age," but that Mr. Hoffman "would regularly say that Costco 'needs to get younger.'" (*Id.* at ¶ 6.) General Manager Hoffman was the decisionmaker for the two Department Manager positions to which Plaintiff applied in October 2023 at the North Kansas City Warehouse. Plaintiff primarily relies on Mr. Gallman's affidavit as direct evidence of age discrimination.[8]

Defendant Costco argues that Mr. Gallman's affidavit is inadmissible under Rule 37(c)(1) of the Federal Rules of Civil Procedure because this evidence was not previously disclosed in discovery in violation of Rule 26 of the Federal Rules of Civil Procedure. Under Rule 37(c)(1), evidence or testimony that is not previously disclosed as required under Rule 26 is barred or necessarily excluded "unless the failure [to disclose] was substantially justified or is harmless."

Plaintiff emphasizes that "[i]t was not until *after* the close of discovery [on October 17, 2025] that Mr. Gallman volunteered [to Plaintiff individually] that he had information that he needed to share related to the position for which Plaintiff had applied." (Doc. 48-1 at 4.)[9] To start, the Court notes that there is no reason to suggest this is not true and neither does Defendant Costco raise any claim that Plaintiff or plaintiff counsel had any knowledge of the testimony contained in Mr. Gallman's affidavit until after the close of discovery. Plaintiff counsel attests that after he learned that Mr. Gallman had additional and previously undisclosed information regarding this case (it is not clear when) plaintiff counsel advised that Mr. Gallman needed to seek independent counsel and otherwise took steps not to learn the substance of Mr. Gallman's newly disclosed knowledge until after Mr. Gallman had done so. (*See* Doc. 48-2 at ¶ 17.) Thus, plaintiff counsel attests that he first learned the substance of Mr. Gallman's newly disclosed knowledge when he met with Mr. Gallman at the office of Mr. Gallman's attorney on January 14, 2026, and executed

---

[8] Even if it is not direct evidence of age discrimination (as Defendant Costco argues), General Manager Hoffman's alleged statement that Plaintiff was "too old"—referring specifically to at least one of the relevant Department Manager positions to which Plaintiff applied—could also support a showing of pretext under the *McDonnell-Douglas* burden-shifting framework to analyze discrimination claims based on circumstantial evidence. *See Gardner v. Wal-Mart Stores, Inc.*, 2 F.4th 745, 749 (8th Cir. 2021) (recognizing that "[d]iscriminatory comments by decisionmakers . . . can be used to show pretext under *McDonnell Douglas*").

[9] Plaintiff's motion for leave to file a sur-reply, (Doc. 48), is **GRANTED**. The Court considers Plaintiff's sur-reply, (Doc. 48-1), as well as Defendant's response to Plaintiff's motion for leave to file a sur-reply, (Doc. 49), and Plaintiff's reply to his motion for leave to file a sur-reply, (Doc.50), both of which addresses the merits of the issue raised in Plaintiff's sur-reply.

the affidavit that was then attached to Plaintiff's summary judgment response filed one week later on January 20, 2026. (*Id.* at ¶ 18.)

As Defendant Costco points out, Plaintiff's submissions in this regard are not entirely clear as to *what* exactly Plaintiff and plaintiff counsel each *knew* and *when*. The Court finds that the lack of these important details leaves the Court unable to conclude that the failure to disclose Mr. Gallman's affidavit and newly discovered testimony until its January 20, 2026 summary judgment response was substantially justified. Plaintiff had an obligation to timely correct or supplement his response when he learned that the prior discovery disclosures were "in some material respect . . . incomplete or incorrect." Rule 26(e)(1)(A). Although Plaintiff was unaware of Mr. Gallman's newly asserted knowledge until after discovery had closed, once Plaintiff became aware of Mr. Gallman's knowledge, under these circumstances, time was of the essence to disclose. Because of the relative ambiguity in Plaintiff's submissions, it is not clear when Plaintiff himself had the requisite knowledge concerning the substance of Mr. Gallman's newly disclosed knowledge to implicate Rule 26(e)'s supplementation requirement. Similarly, it is also not clear when plaintiff counsel advised Mr. Gallman to seek separate counsel. Doing so suggests at a minimum that plaintiff counsel knew to some degree Mr. Gallman's newly disclosed knowledge was significant and material enough to warrant seeking advice of legal counsel before testifying in this matter. Under the circumstances, in particular that discovery was closed and the dispositive motions deadline was quickly approaching, time was of the essence. Plaintiff bore the risk of any delay in disclosure to Defendant Costco. Without something more, the Court does not find under these circumstances that the delay in disclosure (Plaintiff does not contest that there was some delay, although he does not attempt to quantify it) was substantially justified.

Even so, the Court is persuaded that the disclosure of Mr. Gallman's testimony at this stage of the proceedings is harmless. To be sure, when it filed its summary judgment motion on December 15, 2025, Defendant Costco did so without having any knowledge of Mr. Gallman's newly disclosed testimony and without having had the opportunity to depose Mr. Gallman or to seek corroborating or rebuttal evidence. However, given the standard of review at summary judgment—and Defendant Costco's opportunity to address the newly discovered testimony on the merits in its summary judgment reply—it is not clear how the lack of prior notice prejudiced or disadvantaged Costco other it simply did not know about Mr. Gallman's affidavit/testimony.

At summary judgment, the Court does not consider or weigh the credibility of an affidavit or testimony submitted under penalty of perjury. *See United States v. Dico, Inc.*, 136 F.3d 572, 579 (8th Cir. 1998) ("Assessing the credibility of witnesses and evaluating the weight to assign to their testimony is the job of the fact-finder, and is not a function for the court on a motion for summary judgment.") The surrounding circumstances as to the discovery or disclosure of Mr. Gallman's affidavit (and any corresponding testimony at trial) are certainly relevant to the jury's consideration of the credibility of Mr. Gallman's affidavit/testimony. Defendant Costco does not argue that the affidavit is a sham affidavit or is not a properly supported affidavit. *Cf. Button v. Dakota, Minn. & E. R.R. Corp.*, 963 F.3d 824, 830 (8th Cir. 2020) (explaining that a "sham affidavit" in the context of a "plaintiff's stratagem to avoid summary judgment" primarily concerns a plaintiff submitting an affidavit at summary judgment that "contradicts prior testimony or is a sudden and unexplained revision of testimony that creates an issue of fact where none existed before"); *Jenkins v. Winter*, 540 F.3d 742, 748 (8th Cir. 2008) (applying Rule 56(e)(1) of the Federal Rules of Civil Procedure establishing that affidavits must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated").

The Court reiterates that nothing in the record indicates (and Defendant Costco does not argue) that Plaintiff or plaintiff counsel knew about Mr. Gallman's testimony as asserted in his affidavit prior to the close of discovery. Although time was of the essence when they learned that Mr. Gallman had not-previously-disclosed knowledge that was material and substantial, it is not clear that had Plaintiff supplemented or corrected his discovery responses before Defendant Costco filed its summary judgment motion on December 15, 2025 (the dispositive motions deadline), that doing so would have made any difference. *See Davis v. U.S. Bancorp*, 383 F.3d 761, 765 (8th Cir. 2004) (finding that the district court did not abuse its discretion by considering at summary judgment an affidavit submitted by U.S. Bancorp for which the affiant had not been disclosed in the initial Rule 26 disclosures, in part because "Davis has failed to explain how an earlier disclosure" of the testimony "would have enabled her to avoid summary judgment" (internal quotation marks omitted).)

"The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37." *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018). Because the Court finds that the disclosure of Mr. Gallman's affidavit at the summary judgment stage in this

case was harmless, the Court will not exclude the affidavit.  Consistent with the Court's discussion below, however, the Court will additionally reopen discovery to allow the deposition of Mr. Gallman, if Defendant Costco so chooses, and to permit discovery as to any follow-up or rebuttal evidence concerning Mr. Gallman's affidavit or deposition prior to trial.  The limited supplemental discovery period will close May 1, 2026.

Even if it were not harmless, Plaintiff suggests that a less drastic remedy than exclusion is appropriate here.  *See Gruttemeyer v. Transit Auth.*, 31 F.4th 638, 645 (8th Cir. 2022) (recognizing that "exclusion of evidence is a harsh penalty and should be used sparingly" (internal quotation marks omitted)).  The Court has "wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case."  *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).  In considering a remedy, the Court considers "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information and testimony."  *Id.*

Undoubtedly, Defendant Costco was surprised by Mr. Gallman's newly disclosed knowledge.  And as the Court notes above, it does not condone or ignore the last-second disclosure by Plaintiff here and plaintiff counsel's strategic moves to avoid learning the substance of Mr. Gallman's new but apparently significant and material testimony when, under these circumstances, time was of the essence.  At the same time, Mr. Gallman's testimony unquestionably goes to a critical and central issue in this case.  Under the somewhat unique circumstances presented here, even if it were not harmless, the Court is persuaded that a lesser sanction of (1) considering the affidavit at summary judgment, and (2) reopening discovery to allow the deposition of Mr. Gallman and corresponding follow-up or rebuttal evidence is appropriate prior to trial.

## II.   The Merits

### A.   Direct Evidence

Plaintiff first argues that Mr. Gallman's affidavit presents direct evidence of discrimination. Defendant Costco argues that Mr. Gallman's affidavit is not direct evidence of discrimination because Mr. Hoffman was not the decisionmaker as to whether Plaintiff was "marked ready" but that "Plaintiff was not 'marked ready' because he was not in a position where he was evaluated for it."  (Doc. 47 at 42.)  Put another way, Defendant Costco argues that "[n]o evidence connects Hoffman's alleged statements to Plaintiff's lack of a 'ready now' designation."  (*Id.*)  Defendant

9

Costco asserts that "[w]ithout evidence [that] Hoffman proximately caused Plaintiff to be denied a 'marked ready' designation, there is nothing to suggest Hoffman's alleged statements support Plaintiff's claim." (*Id.*)

However, Plaintiff's claim does not turn on whether he was "marked ready" or not. It is undisputed that hourly non-supervisory employees (like Plaintiff at the time he applied for the relevant Department Manager positions) are not evaluated for readiness. Instead, Plaintiff's claim is that Defendant Costco unlawfully discriminated against him based on his age by not promoting him to Department Manager ostensibly because he was not "marked ready." Defendant Costco's defense is that Plaintiff was not promoted because he was not "marked ready." As explained further in § II.B.1 below, however, it is not clear (at least on this summary judgment record) that "proof of readiness" or a "marked ready" designation was in fact an objective "yes or no" minimum qualification or requirement for the Department Manager positions at issue, including the two at the North Kansas City Warehouse for which General Manager Hoffman was the decisionmaker. Moreover, while it is undisputed that Plaintiff was not promoted because he was not "marked ready," Defendant Costco, as summary judgment movant, has not established as an undisputed question of material fact what this determination means (or meant). In other words, was Plaintiff not selected for promotion because he was not "marked ready" in an objective "yes or no" sense, or was Plaintiff not selected for promotion because he was not "marked ready" as part of a subjective determination of his skills and abilities vis-à-vis the other candidates? Defendant Costco's own summary judgment record is conflicting in this regard. *See* II.B.1, below.

As the Eighth Circuit has recognized, direct evidence of employment discrimination is evidence that "show[s] a specific link between the alleged *discriminatory animus* and the *challenged decision*, sufficient to support a finding by a reasonable fact finder that an illegitimate criterion actually motivated the adverse employment action." *Brady v. Walmart Stores E. I, LP*, 144 F.4th 1047, 1051 (8th Cir. 2025) (internal quotation marks omitted; emphasis added). As to the two positions for which General Manager Hoffman was the decisionmaker, Mr. Gallman's affidavit is direct evidence of discrimination because it presents at a genuine question of material fact whether Plaintiff's age was the "actual motivation" for General Manager Hoffman's decision not to promote Plaintiff to Department Manager at the North Kansas City Warehouse. *Gipson v. Dassault Falcon Jet Corp.*, 983 F.3d 377, 380 (8th Cir. 2020); *see Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1046 (8th Cir. 2005) (recognizing that direct evidence is evidence that

"indicate[s] a discriminatory attitude was more likely than not a motivating factor in the employer's decision"). Plaintiff offers no direct evidence as to the Department Manager position to which he applied at the Independence Warehouse for which General Manager Kyle Shannon (and not General Manager Hoffman) was the decisionmaker.

### B. Circumstantial Evidence—*McDonnell Douglas* Burden-Shifting

Regardless of whether Mr. Gallman's affidavit supports direct evidence of discrimination (as to the positions at the North Kansas City Warehouse), the affidavit comes into play under the circumstantial evidence framework. Specifically, General Manager Hoffman's alleged statements (if true) may also be relevant to the question of whether Plaintiff can show pretext.

Defendant Costco argues that Plaintiff's age discrimination claim fails under the *McDonnell-Douglas* burden-shifting standard either because (1) Plaintiff cannot show a prima facie case of age discrimination and (2) Plaintiff cannot demonstrate pretext.[10]

### 1. *Prima Facie* Case

Defendant Costco argues that Plaintiff cannot show a *prima facie* case of age discrimination because (1) he was not qualified for the Department Manager positions, and (2) he is not similarly situated to the (younger) applicants who were selected.

Defendant Costco is generally correct that Plaintiff's age discrimination claim necessarily fails if he cannot show he was qualified for the Department Manager positions to which he applied. *See Brady*, 144 F.4th at 1053 (holding that Brady failed to establish a *prima facie* case of discrimination where she was not qualified for the support manager position to which she had applied because she had not passed the required Supervisory Leadership Assessment examination or was not currently serving in an hourly supervisor position, either of which would have been sufficient). Defendant Costco emphasizes that the relevant job postings required "proof of readiness rating," or in other words that a "ready now" designation is an objective qualification or requirement to be promoted to any of the three relevant Department Manager positions. Defendant argues that Plaintiff categorically and objectively did not satisfy this requirement because hourly non-supervisory employees are not evaluated for "readiness." Defendant Costco similarly argues

---

[10] The parties appear to agree that the reason given why Plaintiff was not selected for the Department Manager positions—"lack of a ready now designation," (Doc. 42 at 34)—constitutes a legitimate non-discriminatory reason or justification for the second step of the *McDonnell-Douglas* burden-shifting analysis.

that Plaintiff cannot show he was "similarly situated" to the younger employees who were hired for the Department Manager positions because Plaintiff was not evaluated for readiness status.

As to whether Plaintiff was "qualified" for the Department Manager positions, the Court notes that in the summary judgment record, Defendant Costco maintains that "'[p]roof of readiness' is a component of Costco's process for promotions" and it is but "one factor Costco considers in making promotion decisions." (Doc. 42 at 14, ¶ 38; 15 at ¶ 45.) In other words, proof of readiness or a "ready now" designation "is not a requirement for promotion." (*Id.* at ¶ 45.) Defendant Costco asserts that proof of readiness is instead "a tool Costco uses to gauge whether employees seeking promotion are demonstrating they currently possess the performance and leadership abilities Costco requires of its management level employees." (*Id.*) Indeed, General Manager Shannon acknowledged that Plaintiff was considered for the position at his warehouse and was interviewed despite not being "marked ready." (Doc. 43-1 at 102:2-8.) General Manager Hoffman similarly testified that not being "marked ready" was "[n]ot necessarily" determinative and agreed that not having a "marked ready" or "ready now" designation did not preclude consideration from promotion. (Doc. 43-3 at 22:21-23:1, 34:12-18.) General Manager Hoffman testified that "our goal . . . is we try to find the best qualified candidate, that's how we make our decision, best qualified candidate." (*Id.* at 51:21-25).

In *Marzec v. Marsh*, 990 F.2d 393 (8th Cir. 1993), cited by Defendant Costco, the Eighth Circuit held that as a matter of law Marzec failed to establish a *prima facie* case of employment discrimination because she "was not qualified for the Chief M&D position because of her grade level." *Id.* at 396. Specifically, the Eighth Circuit had little difficulty in finding that Marzec, a grade level GS-11 employee, was not qualified for promotion to the Chief M&D position, a grade level GS-12 position, under the "rules governing the Priority Placement Program," and that under the applicable rules, "Marzec could have qualified for the position only if she had been a grad-e GS-12." *Id.* Here, though, at a minimum and based on Defendant Costco's own summary judgment record, Defendant Costco has not established as an undisputed question of material fact that a "proof of readiness" was an objective qualification or requirement in and of itself for the positions to which Plaintiff applied. In other words, it is not clear that Costco's "proof of readiness" qualification is necessarily similar to the *Marzec* grade-level qualification.[11]

---

[11]As a somewhat related point, the Court notes that the decision form in the hiring packet for the Independence Warehouse position indicates in the "details" section that Plaintiff was not selected because

For much the same reasons, the Court finds unpersuasive at this summary judgment stage Defendant Costco's argument that Plaintiff has not shown that he was "similarly situated" to the younger employees who were selected for purposes of demonstrating a *prima facie* case of age discrimination. "To be similarly situated," Plaintiff must "show that [he] was considered a viable candidate for the position." *Jackson v. United Parcel Serv., Inc.*, 643 F.3d 1081, 1086 (8th Cir. 2011) (internal quotation marks omitted; quotation modified). "At the prima facie stage, the plaintiff's burden—showing [he] is similarly situated to other employees—is not onerous." *Peterson v. Scott County*, 406 F.3d 515, 522 (8th Cir. 2005) (internal quotation marks omitted). In light of the questions of fact identified above, and considering Plaintiff's extensive prior years of experience at Costco as a department manager and deposition testimony that he was interviewed and (at least for one of the positions) was considered (and interviewed) for the position despite not being "marked ready," the Court finds at this summary judgment stage that Plaintiff has shown he was similarly situated to the younger employees who were promoted to establish a *prima facie* case of age discrimination. The Court accordingly turns to pretext.

---

he was not "marked ready," although the final recorded decision (a checkbox) was that "[a]nother candidate demonstrated better skills and abilities." (Doc. 43-35 at 3.) The decision forms for two other candidates who were also interviewed for this position and who were similarly identified as not being marked ready in the "details" selection indicate a different "recorded final decision" checkbox, that they "[l]ack[] needed skills, ability or experience (even with reasonable accommodation)." (Docs. 43-35 at 53, 73; 43-36 at 12.)

The decision form in the hiring packet for the North Kansas City Warehouse positions was not completed for Plaintiff. (Doc. 43-32 at 9.) It is not clear why. (*See* Doc. 43-3 at 60:14-18 (General Manager Hoffman's testimony that he was not sure why Plaintiffs' form was not filled out); *see also id.* at 105:8-12 (General Manager Hoffman acknowledging that he "only filled out the final interview form for the two candidates that were selected").) The decision forms for the two candidates who were chosen marks as the "recorded final decision" the checkbox(es) that they "[i]nterviewed better," "[d]emonstrated more professionalism," or "[b]est met the requirements of the position." (Doc. 43-29 at 6, 30.) The "details" section includes that both were "one of 4 candidates, marked ready" and that they were considered by the interviewing panel to be "top 3-4 candidates" or "one of the 3 best candidates." (*Id.* at 6, 30.) Of the six remaining candidates, two of the final decision forms were not filled out, and the remaining four do not reference their "marked ready" status but instead includes remarks regarding their interview and experience. (Doc. 43-29 at 66; 43-30 at 23, 65; 43-31 at 13, 51; 43-32 at 9.)

13

### 2.      Pretext[12]

As a general rule, "[a]bsent discrimination, employers are free to exercise their judgment in making personnel decisions." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 793 (8th Cir. 2011). Defendant Costco argues that the "marked ready" policy—specifically its "preference to promote [to department manager] from among a pool of 'marked ready' candidates based on evaluation of the work they are doing in their current leadership roles . . . falls squarely within" its discretion to make personnel decisions. (Doc. 42 at 31.) It is a common refrain in employment-discrimination cases that the Court does not "sit as [a] super-personnel department[] reviewing the wisdom or general fairness of an employer's actions against an employee." *Sherman v. Collins*, 158 F.4th 904, 907 (8th Cir. 2025).

To survive summary judgment and proceed to trial, Plaintiff must show "a causal connection between" Defendant Costco's failure to promote him to Department Manager and his age. *Id.* Plaintiff must show that Defendant Costco's decision to not promote him because he was not "marked ready" is a pretext for age discrimination. *See Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). "The threshold question when considering pretext is whether [the employer]'s reasons for its employment actions are true, not if they are wise, fair or correct." *Id.*

As to the Independence Warehouse position for which General Manager Hoffman was not the decisionmaker, Plaintiff fails to show pretext. Plaintiff does not point to any admissible

---

[12] Additionally, the Court is somewhat persuaded that to the extent Defendant Costco relies on the "marked ready" policy as both a reason why Plaintiff was not qualified for the positions (as part of the *prima facie* analysis under the *McDonnell-Douglas* framework) and as a legitimate non-discriminatory reason to not promote Plaintiff, the more proper analysis in this case is to consider whether Plaintiff can demonstrate that applying the "marked ready" policy is merely pretext for discrimination rather than focusing on the *prima facie* case. *See Robinson v. Armstrong*, No. 5:12-CV-390 (MTT), 2014 WL 3420449, at *7-8 (M.D. Ga. July 10, 2014) (recognizing that "[g]enerally it is not appropriate to rely on the same allegation of poor performance asserted as a legitimate nondiscriminatory reason for termination to show a plaintiff of poor performance was not qualified for the position"); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir. 2003) ("a court may not consider the employer's alleged nondiscriminatory reason for taking an adverse employment action when analyzing the prima facie case" because "[t]o do so would bypass the burden-shifting analysis and deprive the plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext designed to mask discrimination"); *see also Owens v. U.S. Dep't of Army*, 312 F. App'x 831, 834 (8th Cir. 2009) (presuming that terminated employee was qualified for her job for purposes of the *prima facie* discrimination case where she was terminated after "receiv[ing] misdemeanor citations that made her ineligible for her position as a security guard" and instead considering whether the plaintiff demonstrated pretext).

evidence sufficient to show that the proffered reason in that hiring decision—that Plaintiff was not "marked ready"—was not the "true motivation." *Id.* Without such evidence, Plaintiff fails to show that the "true motivation" for not promoting Plaintiff to the Independence Warehouse position "was discriminatory." *Id.* The North Kansas City Warehouse positions are analyzed differently than the Independence Warehouse position, however. This is because General Manager Hoffman was the decisionmaker for the North Kansas City Warehouse positions, and Mr. Gallman's affidavit presents potential discriminatory statements made by Hoffman. But for Mr. Gallman's affidavit, the Court would treat all three positions the same. In other words, but for the affidavit there would be insufficient evidence of pretext as to the North Kansas City Warehouse positions as well.

Setting aside Mr. Gallman's affidavit, Plaintiff primarily relies on the subjective nature of the "marked ready" policy to show pretext. Although the "marked ready" policy is subjective when applied, it is only subjective as applied to the non-hourly supervisory/management employees that are evaluated for "readiness." It is not disputed that hourly, non-supervisory employees like Plaintiff are, as a class, not evaluated for "readiness." Nor does Plaintiff does present evidence of disparate treatment or disparate impact. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 52-53 (2003) (discussing disparate treatment and disparate impact claims). Plaintiff has not produced evidence, for example, that a younger hourly non-supervisory employee was promoted to Department Manager despite not being "marked ready" or that a younger hourly non-supervisory employee was promoted to Department Manager after being "marked ready." Neither does Plaintiff produce evidence that the employees chosen for the promotion were not "marked ready" or had not been designated "ready now" when they were interviewed and ultimately hired.[13]

Finally, despite Plaintiff's contention to the contrary, the "marked ready" policy does not contradict Defendant Costco's published promotion policy that selections for promotions are made "based on skill and ability" and that "[w]here skill and ability are equal, then length of continuous employment will be the determining factor." "[T]here is nothing inherently discriminatory in an employer choosing to rely on recent performance more heavily than past performance" in making

---

[13] Plaintiff emphasizes that General Manager Hoffman designated as "ready now" one of the applicants to one of the North Kansas City Warehouse Department Manager openings sometime before interviews where that employees' last annual performance examination marked him as not "ready now." Plaintiff does not point to any similar evidence as to the Department Manager position at the Independence Warehouse where General Manager Hoffman was not the decisionmaker.

employment decisions. *Brown v. McDonnell Douglas Corp.*, 113 F.3d 139, 142 (8th Cir. 1997) (internal quotation marks omitted).

At this summary judgment stage, the Court must accept Mr. Gallman's affidavit as true. Any question of the credibility of Mr. Gallman's testimony or the weight to be given to his testimony falls solely within the province of the fact finder at trial, and not the Court at summary judgment. As set out above, but for Mr. Gallman's affidavit, Plaintiff does not point to any admissible evidence sufficient for a jury to reasonably find that Plaintiff's age "more likely motivated" the decisions not to promote him to Department Manager. *Torgerson*, 643 F.3d at 1047 (internal quotation marks omitted). Summary judgment is therefore granted as to the Department Manager position at the Independence Warehouse for which General Manager Hoffman was not the decisionmaker. For the two Department Manager positions at the North Kansas City Warehouse for which General Manager Hoffman was the decisionmaker, however, the Court finds that Mr. Gallman's affidavit—if it is not direct evidence of discrimination—is at a minimum sufficient evidence that a jury could reasonably find that Plaintiff's age "more likely motivated" General Manager Hoffman's decision not to promote Plaintiff.[14]

---

[14] Defendant Costco also asks the Court to apply the so-called "same-actor" inference. Some federal courts, including the Eighth Circuit, have recognized in the context of federal employment discrimination claims a "presumption against discrimination" that can apply when considering pretext under the *McDonnell-Douglas* burden-shifting framework. The foundation of the "same-actor" inference in an age discrimination claim, for example, is the observation that "it is unlikely a supervisor would hire an older employee and then discriminate on the basis of age . . . ." *Fitzgerald v. Action, Inc.*, 521 F.3d 867, 877 (8th Cir. 2008). In applying the "same-actor" inference or presumption, some federal courts have recognized that it is not mandatory and that it has somewhat less significance at the summary judgment stage. *E.g.*, *Miller v. Levi & Korsinsky, LLP*, 695 F. Supp. 3d 397, (S.D.N.Y. 2023); *Wexler*, 317 F.3d at 573.

As noted above, the Court finds that Plaintiff has submitted a triable claim of age-discrimination based on direct evidence as to the two positions for which General Manager Hoffman was the decisionmaker. Moreover, even assuming that the "same-actor" inference is applicable to an age-discrimination claim asserted under the MHRA, the Court is not persuaded that it is appropriate under the facts of this case. *See Lowe v. J.B. Hunt Transport, Inc.*, 963 F.2d 173, 174-75 (8th Cir. 1992) (noting in that case that "[t]he most important fact here is that plaintiff was a member of the protected age group both at the time of his hiring and at the time of his firing, and that the same people who hired him also fired him"). General Manager Hoffman was not involved in Plaintiff's initial hiring or previous promotions/transfers. *Cf. Fields v. Shelter Mut. Ins. Co.*, No. 4:05CV01924 GTE, 2007 WL 1174381, at *7 (E.D. Ark. Apr. 19, 2007) (finding that "same actor inference" applied in case where "[t]he allegation that Mr. Klenke promoted Plaintiff with a 10 percent raise, gave her a 2.75 percent merit-based pay raise, then promoted her again with a 10 percent pay raise, within his first fourteen months at the Little Rock Shelter office, but then developed an animus toward Plaintiff based on her race after another twelve months is not convincing"). The Court need not and does not consider the "same-actor" inference to the Department Manager position at the Independence Warehouse because the Court finds that Plaintiff has failed raised a

**Conclusion**

Therefore, after careful consideration and for the reasons explained above, the Court **ORDERS** that Defendant Costco's motion for summary judgment, (Doc. 41), is **GRANTED in part** and **DENIED in part**. Specifically, summary judgment is granted as to the Department Manager position at the Independence Warehouse to which Plaintiff applied in October 2023 and for which General Manager Jeffrey Hoffman was not the final decisionmaker; summary judgment is denied as to the two Department Manager positions at the North Kansas City Warehouse to which Plaintiff applied in October 2023 and for which General Manager Hoffman was the final decisionmaker.[15] The Court **FURTHER ORDERS** that supplemental discovery as to Brian Gallman's post-discovery affidavit dated January 14, 2026, is due May 1, 2026.

 **IT IS SO ORDERED**.

           s/ Roseann A. Ketchmark
           ROSEANN A. KETCHMARK, JUDGE
           UNITED STATES DISTRICT COURT

DATED: April 2, 2026

---

reasonable inference of age discrimination as to that position.

[15] The Court emphasizes that the factual and legal findings and conclusions in this Order are made only in the context of this summary judgment posture and the summary judgment record. However, to the extent this case proceeds to a jury trial, the Court anticipates that the issues presented to a jury and litigated at trial will be consistent with this Order. In other words, only Plaintiffs' age-discrimination claim as arising out of the October 2023 Department Manager positions for which General Manager Hoffman was the decisionmaker is proceeding to trial.